### CAUSSE MFG. CO. v. UNITED STATES.

(Circuit Court, S. D. New York. July 18, 1906.)

No. 4,027.

CUSTOMS DUTIES — CLASSIFICATION — ORANGE AND LEMON PEEL IN BRINE— "PRESERVED."

 Orange and lemon peel immersed in brine for the purpose of protecting it from decay during transit, without affecting its properties or quality, is not "preserved," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 267, 30 Stat. 172 [U. S. Comp. St. 1901, p. 1651], but is free of duty as "not preserved, candied, or dried," under section 2, Free List, par. 627, 30 Stat. 200 [U. S. Comp. St. 1901, p. 1686].

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,039 (T. D. 26,368), which affirmed the assessment of duty by the collector of customs at the port of New York.

The majority opinion of the Board, so far as applicable to this appeal, reads as follows:

"SOMERVILLE, General Appraiser. The merchandise covered by each of these protests consists of orange peel contained in brine, which was assessed for duty at 2 cents per pound, under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 267, 30 Stat. 172 [U. S. Comp. St. 1901, p. 1651], which levies that rate of duty on 'orange peel * * * preserved, candied, or dried.' The importations are claimed to be exempt from duty under section 2, Free List, par. 627, 30 Stat. 200 [U. S. Comp. St. 1901, p. 1686], which provides for 'orange and lemon peel, not preserved, candied, or dried,' or else as dutiable under various other enumerated paragraphs of said tariff act of 1897.

"The first claim is the only one relied on at the hearing, and needs therefore alone to be considered. The importations were made by the A. L. Causse Manufacturing Company, being the same party who was the protestant in the case of A. L. Causse Manufacturing Company (G. A. 4,439 [T. D. 21,-156]), decided May 16, 1899, where the Board had under consideration merchandise of precisely the same character as that in this case. The goods in that case were assessed under the same paragraph covering the assessment in the present case, namely, paragraph 267 of the tariff act of 1897, and at the same rate of duty. They were claimed, as here, by the same party, to be exempt from duty under said paragraph 627. The Board after due consideration overruled the protest, holding that orange peel in brine was dutiable as 'orange peel preserved,' within the meaning of said paragraph 267: the word 'preserved' being held to be used in its ordinary and popular signification; that is to say, to save from decay by the use of some preservative substance.

* * * The same contention is now renewed in these protests. Three witnesses were introduced at the hearing in behalf of the importer, namely, A. L. Causse, who is the president of the importing corporation; W. S. Rosenstein and Julius Kauffmann, by whom it was attempted to show that what is known as preserved orange peel was commercially confined to such as was preserved in sugar, the same as candied orange peel. The testimony disclosed, however, that the last two named witnesses were not familiar with and had never imported orange peel of the kind under consideration, preserved or contained in brine. The first named witness was the manufacturer, and he admitted that the article was placed in brine to prevent decay in transit, and that the brine served no other purpose except to preserve it up to the time he would begin the other process, namely, the preserving of the peel in sugar.

"This testimony, in our judgment, is insufficient to prove a general and uniform meaning in the trade attached to the use of the word 'preserved,' as distinguished from its ordinary meaning. Berbecker v. Robertson, 152 U. S. 373, 14 Sup. Ct. 590, 38 L. Ed. 484; . U. S. v. Zeimer, 107 Fed. 912, 47 C. C. A. 60. The word 'preserved,' therefore, as used in said paragraph 267, must be taken to be used in its ordinary signification.

"The same word occurs in various paragraphs of our tariff laws:

"Paragraph 263, § 1,. Schedule G, 30 Stat. 171 [U. S. Comp. St. 1901, p. 1651]: 'Fruits preserved in sugar, molasses, spirits, or in their own juices.'

"Paragraph 239, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1649]: 'Milk, preserved.'

"Paragraph 241, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1649]: 'Vegetables, preserved.'

"Paragraph 251, 30 Stat. 170 [U. S. Comp. St. 1901, p. 1650]: 'Natural flowers of all kinds, preserved.'

"Paragraph 275, 30 Stat. 172 [U. S. Comp. St. 1901, p. 1652]: 'Meats of all kinds, * * * preserved.'

"The word as used in paragraph 263 was construed by the Circuit Court, in Voight v. Mihalovitch, 125 Fed. 78 (T. D. 25,092), which affirmed the Board's decision in Re Mihalovitch, G. A. 4,296 (T. D. 20,212), where certain cherries were preserved in spirits, and it was held to mean simply 'put in spirits for the purpose of preservation, or resisting fermentation or decay.'

"In Presson v. Russell, 152 U. S. 577, 14 Sup. Ct. 728, 38 L. Ed. 559, certain fish imported under the tariff act of 1883, which were cured with dry salt and imported in barrels, were held to be 'prepared or preserved'; the court observing, through Chief Justice Fuller, as follows: 'As, however, the fish were preserved by being dry salted, we are of opinion that they came within the third paragraph, and were subject to the ad valorem duty there prescribed.' T...is decision was followed in Alart et al. v. U. S. (C. C.) 61 Fed. 500, where certain vegetables, namely, cucumbers and cauliflower, packed in salt, were held to be dutiable under Tariff Act Oct. 1, 1890, c. 1244, § 1, Schedule G, par. 287, 26 Stat. 586, as 'vegetables, prepared or preserved,' and not under paragraph 288 of said act (26 Stat. 586), as vegetables in their natural state, 'not specially provided for.' In that case the importers had contended that the goods were packed in dry salt 'only for convenience and for preservation during transportation.' The United States had contended, on the contrary, that the terms 'prepared or preserved' were not commercial terms; that they had been judicially construed by the United States Supreme Court, in the case of Presson v. Russell, supra. The decision of the Board of General Appraisers was affirmed by Judge Townsend on the authority of this decision. As there was no particular process of preparing these vegetables, the necessary effect of the court's decision was to hold that they were vegetables preserved in salt.

"The contention of the importer may be reduced to the proposition that the word 'preserved,' as used in said paragraph 267, necessarily means preserved in sugar and not in any other manner, and permanently as distinguished from temporary preservation. This view entirely ignores the fact, which is one of common knowledge, that the preserving quality of salt, whether in solution or otherwise, is proverbial, and moreover it is contrary to the decisions above cited.

"No light of interpretation can be derived by invoking the doctrine of noscitur a sociis in these cases, for the reason that the word 'preserved' is associated in the same paragraph with the word 'dried' as much as with 'candied,' and there is no resemblance between these different processes. So, the use of the article as raw material so called, for producing candied orange peel, cannot control its classification; dried peel being used for the same purpose. * * *

"The Board has held, in Stallman & Fulton's Case, G. A. 4,161 (T. D. 19,422), that pieces of orange peel dried by exposure to the air after removal from the orange were free of duty under said paragraph 627; this view being concurred in by the Treasury Department in T. D. 20,457. In that case it was observed as follows: 'It is in evidence that importations of this character are, after arrival here, first kiln-dried and then powdered, and that there is a considerable loss in weight in the process of drying.'

"Independently of the conclusion reached in that case, it is a matter of common knowledge that orange peel exposed to the air dries without destruction by decay. On the contrary, 'shredded orange peel,' which has undergone a process of preparation and afterward artificially dried (kiln-dried), has been held to be 'dried' and dutiable accordingly under said paragraph 267. In re Parke & Davis, G. A. 4,323 (T. D. 20,466).

"These contemporaneous constructions of the two paragraphs in question have stood for years unchallenged, and afford full and adequate fields of operation for the legislative intent in reference to each of them. * * *

"The decisions of the collector are affirmed."

The following is the essential part of the dissenting opinion, as applicable to this appeal.

"WAITE, General Appraiser. The question here arises over the importation of lemon and orange peel in brine. The testimony clearly shows that the peel is placed in brine for the purpose of arresting decay and permitting of successful transportation. It is further made clear that the commodities as imported are used as the raw material for the manufacture of candied peel; the salt being removed by successive washings, after which the peel is treated with sugar and preserved or candied.

"The provisions in the law relative to these goods are paragraphs 267 and 627 of the tariff act of 1897. The former, so far as pertinent, is as follows: '267. Orange peel or lemon peel, preserved, candied, or dried, * * * two cents per pound.' The latter, which is in the free list, is as follows: '627. Orange and lemon peel, not preserved, candied, or dried.'

"Whether strictly true or not at the present time, I think, when the state of the trade in these commodities at the time of the passage of the act is considered, we are bound to conclude that all lemon and orange peel was included within the two paragraphs quoted. As it is clear that goods in this case cannot be termed candied or dried, the sole question is as to whether they are 'preserved,' within the meaning of the word as used in the law. I do not think it is such a preservation as was there intended. It may well be claimed that the preserving intended to be covered by the law was such a preservation as would be made by the use of sugar or sirup. Had it been intended to include any manipulation or treatment, or to provide for anything which would simply arrest decay or perpetuate the condition in which the commodity was first found, it would have been unnecessary to add the words 'candied or dried,' as they would be included in the broader term 'preserved.' The testimony warrants the inference that it is the crudest form, or one of the crudest forms, in which orange and lemon peel intended for candying purposes is imported. It appears without conflict that fresh peel as removed from the fruit would become decayed and worthless during transit, if shipped in its fresh state without the addition of brine. Hence, I conclude that a simple process of preservation to facilitate or make possible the transportation and handling of a commodity, and for no other purpose, is not such a preserving as would take the commodity out of the free list.

"I think the authorities support the view that such an article should not be regarded as preserved within the meaning of the law. In Littlejohn v. U. S. (C.

C.) 119 Fed. 483, the question arose whether sago flour was within the free list provision for 'sago, crude.' It was shown that sago pulp or pith, known as 'raw sago,' a cruder product than sago flour, was dealt in among the natives in the country where the sago grows, but that the crude product would not bear transportation to this country. The court held that sago flour should be admitted as 'sago, crude,' upon the ground that it was the crudest form of sago imported; the only manipulations which it underwent in the foreign country being those necessary to fit it for importation. Catgut strings produced by cutting, cleaning, and drying the intestine of the sheep, and shown to be the crudest form in which catgut was imported, were held to be free as 'catgut unmanufactured,' in Davies, Turner & Co. v. U. S. (C. C.) 115 Fed. 232. In the Booth Case, G. A. 4,388 (T. D. 20,884), sheepskins preserved in pickle for the purpose of preventing putrefaction and for the convenience of transportation were held not to be thereby removed from the category of raw skins.

"I am not unmindful of the fact that, in Alart v. U. S., 61 Fed. 500, the Circuit Court for the Southern District of New York held that cucumbers and cauliflowers packed in dry salt, for convenience and preservation during transportation only, were dutiable as 'vegetables, prepared or preserved,' rather than 'vegetables in their natural state.' It is apparent, however, that much less latitude of construction was permitted in that case than would have been possible had the second provision read 'vegetables not prepared or preserved.' An article may be crude or unprepared for the purposes of classification under the tariff laws, notwithstanding it has been somewhat advanced from its natural or original condition. Roessler v. U. S. (C. C.) 94 Fed. 822; In re Reboulin, G. A. 5,547 (T. D. 24,917). In this connection it may also be said that the term 'prepared' is a much broader term than the word 'preserved.' So, in Presson v. Russell, 152 U. S. 577, 14 Sup. Ct. 728, 38 L. Ed. 559, fish cured with dry salt were held to be dutiable as 'fish prepared or preserved.' But the preservation by salt in connection with fish is not such a preserving, either with reference to the kind or the purpose, as the preserving of lemon and orange peel in brine for transportation. Fish preserved by means of salt and brine are kept indefinitely by reason thereof; while the evidence is clear that, in the case of lemon and orange peel, decay would merely be arrested for a limited time—a few months at the longest.

"I am aware that a different conclusion from that arrived at in this case was reached by the Board with respect to the same merchandise in its decision in Re Causse, G. A. 4,439 (T. D. 21,156). * * * I think, however, that G. A. 4,439 was decided upon an insufficient showing of facts and a wrong interpretation of the law, and hence should be overruled. * * * The view I take is strengthened by the dictum of the Circuit Court of Appeals for the Second Circuit, in Hills Brothers Co. v. U. S., 123 Fed. 477, 59 C. C. A. 412. In that case certain lemons cut in two and immersed in brine, for the purpose of arresting decay during transportation, had been classified as 'lemon peel, preserved,' under said paragraph 267 of the present act. The court reversed this assessment on the ground that the merchandise was not lemon peel; but it remarked in the course of its decision that it was 'questionable whether lemon peel immersed in brine is "preserved" in a commercial sense or within the meaning of paragraph 267.' This, I think, is a strong indication that the conclusion here reached would be supported by the courts.

"Furthermore, the construction adopted gives effect to both paragraphs 267 and 627. Any other view would leave hardly anything upon which paragraph 627 could operate, because it does not appear that lemon and orange peel is imported or known as a commercial commodity in any forms except those mentioned in paragraph 267, and that which is substantially like the form involved in this case; that is, preserved by brine, or in some simple way, to arrest decay, and for that only, for the purposes of transportation. Within this latter class fall, I think, orange peel dried by mere exposure to the atmosphere (as distinguished from that which is kiln-dried), which was held to be free under paragraph 267 in Board decision in Re Stallman, G. A. 4,161 (T. D. 19,422), followed in Re Hilliers, G. A. 4,660 (T. D. 22,020). In the latter case it was urged that to exclude peel thus prepared would render paragraph 627 nugatory. * * *

"The protests should be sustained in so far as they claim free entry under paragraph 627, and the collector's decision reversed in each case."

Comstock & Washburn (J. Stuart Tompkins, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

WHEELER, District Judge. This is orange and lemon peel in brine, classified as preserved under Act July 24, 1897, c. 11, § 1, Schedule G, par. 267, 30 Stat. 172 [U. S. Comp. St. 1901, p. 1651], which lays a duty of two cents per pound on "orange peel or lemon peel preserved, candied or dried," against a protest that it comes under paragraph 627, § 2, Free List, 30 Stat. 200 [U. S. Comp. St. 1901, p. 1686], which makes free "orange and lemon peel not preserved, candied or dried." The brine protects the peel from decay, and does not affect its properties or quality. The Board divided in opinion, setting forth the different views fully to which but little can be added. It rather seems, however, that the brine is a mere covering or packing for protection in transportation as from cold or heat, and which when separated from the peel leaves that in its natural state, as the taking off of any covering would; and that by this protection the peel is not preserved as such fruits or fruit products are within the meaning of the tariff law.

Decision reversed.